**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4101**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

DELLONTE RASHAUN SEBURN,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever, III, Chief District Judge. (5:13-cr-00005-D-1)

_____

Submitted: September 23, 2014    Decided: September 25, 2014

_____

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Alan D. Campbell, Hamilton, Massachusetts, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Dellonte Rashaun Seburn pled guilty to a charge of bank robbery. The district court sentenced him to 132 months' imprisonment. Seburn's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether the upward departure sentence is reasonable and whether the sentencing court adequately considered Seburn's argument for a reduced sentence based on his medical condition. Seburn filed a pro se supplemental brief, also arguing that the court failed to adequately consider his medical condition. Concluding that the district court did not err, we affirm.

We review a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). We must first ensure that the district court committed no significant procedural error, United States v. Evans, 526 F.3d 155, 160-61 (4th Cir. 2008), such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C. § 3553(a) (2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. If

we find the sentence procedurally reasonable, we then review the substantive reasonableness of the sentence imposed. <u>United States v. Carter</u>, 564 F.3d 325, 328 (4th Cir. 2009).

We discern no procedural or substantive sentencing error by the district court. Most notably, a review of Seburn's sentencing hearing establishes that the district court correctly calculated Seburn's advisory Guidelines range as fifty-seven to seventy-one months in prison. The district court imposed an upward departure sentence of 132 months based on the inadequacy of Seburn's criminal history category, in accordance with <u>U.S. Sentencing Guidelines Manual</u> § 4A1.3(a) (2012). We discern no error in the district court's method of calculating the extent of the departure, and find that the district court adequately articulated its reasons for the departure. <u>See</u> <u>Carter</u>, 564 F.3d at 328 ("[T]he district court must state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority") (internal quotation marks omitted).

Seburn next contends that the court failed to adequately consider his request for a reduced sentence based on his recent mental health diagnosis. In rejecting Seburn's argument for a reduced sentence, the district court acknowledged

3

Seburn's mental health issues, but determined that, in light of the seriousness of the offense, Seburn's history and characteristics, and the need to protect the public, a 132-month sentence was appropriate. Concluding that the district court adequately considered Seburn's argument as well as the § 3553(a) factors, we find that the district court did not abuse its discretion in imposing Seburn's sentence. See Gall, 552 U.S. at 41.

In accordance with Anders*,* we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Seburn's conviction and sentence. This court requires that counsel inform Seburn, in writing, of the right to petition the Supreme Court of the United States for further review. If Seburn requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Seburn. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED